IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-01796-PAB

HANSEN CONSTRUCTION, INC.,

    Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

    Defendant.

---

**ORDER TO SHOW CAUSE**

---

The Court takes up this matter *sua sponte* on the Notice of Removal [Docket No. 1] of defendant-garnishee National Union Fire Insurance Company of Pittsburgh, PA ("National Union"). National Union asserts that the Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 3.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is

irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Defendant asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 3. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The allegations regarding the citizenship of plaintiff-garnishor Hansen Construction, Inc. ("Hansen") , however, are not well-pled.

The notice of removal states that Hansen is a citizen of Colorado. Docket No. 1 at 2, ¶ 8. In doing so, National Union relies on the writ of garnishment filed in state court. *See id.* (citing Docket No. 1-3). Nothing in the writ of garnishment, however, provides the Court with any information regarding Hansen's citizenship. Rather, the only information that the writ contains regarding Hansen is its address in Aspen, Colorado. *See* Docket No. 1-3 at 3. But, the citizenship of a corporation, assuming Hansen is a corporation as implied by "inc." in its name, is determined by its state of

incorporation and principal place of business.  See 28 U.S.C. § 1332(c)(1).  That Hansen maintains some sort of address in Aspen does not inform the Court whether that address is Hansen's principal place of business and whether Hansen is a Colorado corporation.

Because the allegations regarding the citizenship of Hansen are not well-pled, the Court is unable to determine the citizenship of Hansen and whether the Court has jurisdiction.  See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp., 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)).  It is therefore

**ORDERED** that, on or before **July 19, 2021**, National Union shall show cause why this case should not be remanded due to the Court's lack of subject matter jurisdiction.

DATED July 12, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge